Argued and submitted July 17, reversed and remanded September 24, 1997

## STATE OF OREGON,
*Appellant,*

*v.*

## SERGIO BRIZUELA GONZALEZ,
*Respondent.*

(96D-105207; CA A95102)

945 P2d 636

David B. Thompson, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Jossi Davidson argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

The state appeals from a pretrial order suppressing evidence obtained following a stop for a traffic infraction. ORS 138.060(1). We reverse and remand.

Woodburn City Police Officer Halupowski stopped defendant for careless driving after he saw defendant swerve through two lanes of traffic and almost hit another car. When Halupowski approached defendant's truck after the stop, he observed that defendant's eyes were bloodshot and watery, that his speech was slurred and that there was a strong odor of alcohol on his breath. Halupowski asked defendant how much alcohol he had consumed, and defendant replied that he had consumed "six or seven mixed drinks."

Before trial, defendant moved to suppress the evidence of his response to Halupowski's question, arguing that Halupowski failed to provide him with *Miranda*-like warnings before asking the question. The trial court granted the motion. On appeal, defendant concedes that, under *State v. Prickett*, 324 Or 489, 930 P2d 221 (1997), the trial court erred in granting his motion, because *Miranda*-like warnings were not required. Nonetheless, he argues, the court properly suppressed his answer to Halupowski's question, because "the initial stop of defendant's vehicle was unlawful." Defendant's argument is without merit. The trial court found that Halupowski "had both reasonable suspicion and probable cause to stop the defendant * * * to investigate the infraction of careless driving." In making that finding, the trial court resolved conflicts in the testimony in favor of the state. The trial court's findings are supported by evidence in the record, and defendant makes no argument that the trial court applied the wrong legal principles to those findings. *State v. Lambert*, 134 Or App 148, 151, 894 P2d 1189 (1995).

Reversed and remanded.